## WELLS *v.* STATE.

### [70 South. 452.]

HOMICIDE. *Evidence. Identification.*

> Where the only question in a prosecution for homicide, was the identification of the murderer, it was reversible error to admit evidence that deceased a short time before his death but not as a dying declaration, identified defendant as the person who inflicted the fatal wound.

APPEAL from the circuit court of Warren county.

HON. E. L. BRIEN, Judge.

John Wells was convicted of murder and appeals.

The facts are fully stated in the opinion of the court:

*T. Dabney Marshall,* for appellant.

This conviction ought not to be allowed to stand, even if there were no errors committed by the trial court except in the admission of the statement made by the wounded man.

The statement of John Cassiono, as testified to by Joe Lauderdale, a policeman, was clearly hearsay. It was not a dying declaration, and the presence of the appellant, when the statement was made did not change its character. It was in no sense a part of *res gestae.* It was made long after the alleged shooting, and the circumstances surrounding its making not only rendered it unreliable, and valueless, but it was under such suggestion and outside influence that no human being ought to be deprived of his life or liberty upon it. An attempt was made to justify the admission of this evidence, because the wounded man was confronted by the appellant. This did not change the rule against the admission of hearsay evidence because the evidence shows "that the appellant instantly replied no I never shot you." Without the testimony of the wounded man, which was given under

the suggestion that "we are going to bring the negro who shot you," and also while the wounded man was practically irresponsible as was shown on a motion for a new trial, there would be nothing in this case upon which a verdict could be based, except the testimony of Mr. W. R. Turnage, a street car conductor.

As to dying declarations, it is too elementary to require any citations, that they are inadmissible except when the declarant is under the solemn sense of impending and immediate dissolution to render his declaration admissible, the declarant must not only believe that he is about to die, but must be without hope or expectation of recovery. Am. Eng. Ency. page 366 citing *Bell* v. *State*, 77 Miss. 507; *Brown* v. *State*, 32 Miss. 433; *McDaniel* v. *State*, 8 Smed. & M. 416, there is not a syllable in the record that shows that the wounded man ever considered himself in danger of death, and the admission of his statement was not only wholly improper, but necessarily had great weight with the jury.

*Brunini & Hirsch*, for the state.

Council for appellant misconceived the theory, under which the evidence of the identification of appellant, by the deceased, was offered. It was not offered, as a dying declaration. It was simply offered, as evidence of what transpired, when the deceased and appellant were brought together. The facts of what transpired were simply related. The occurrences that took place were in the presence of the appellant and the deceased. The testimony was not offered, as a dying declaration of the decedent.

COOK, J., delivered the opinion of the court.

Appellant was convicted of the crime of murder, and sentenced to confinement in the penitentiary for the term of his natural life.

Among other assignments of error is the action of the trial court overruling appellant's objections to the admission of certain evidence whereby it was shown that the deceased a short while before his death, identified appellant as the person who inflicted the fatal wound. There can be no claim that the statement of deceased was, in any sense, a dying declaration, but it is said here that deceased accused appellant of the crime, and that appellant did not deny the charge. The record shows that appellant denied the statement of deceased, that he was the person who shot deceased, and this denial immediately followed the charge.

The sole question before the jury was the identity of the murderer, and the admission of this evidence was highly prejudicial.

*Reversed and remanded.*